J-S08008-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KIRK N. DUNSON, | : | |
| | : | |
| Appellant | : | No. 847 EDA 2014 |

Appeal from the PCRA Order February 21, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0812071-2004

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED FEBRUARY 13, 2015**

Kirk N. Dunson ("Dunson") appeals from the order of court dismissing his pro se petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 – 9546.  Following our review, we affirm.

In 2006, Dunson was convicted of conspiracy, possession of an instrument of crime, carrying a firearm without a license and two counts of robbery.  He was sentenced to an aggregate term of twenty-five to fifty years of imprisonment.  His counsel filed an untimely post-sentence motion, which resulted in this Court quashing his direct appeal as untimely. Subsequently, Dunson's direct appeal rights were reinstated. In his brief on appeal, however, Dunson raised two issues that he had not raised before the trial court.  This Court found the issues waived and did not award Dunson relief on direct appeal.

On May 26, 2011, Dunson filed a timely pro se PCRA petition, and counsel was appointed. Rather than filing an amended PCRA petition, Counsel filed a motion seeking to withdraw from representation pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). Dunson filed a pro se response to Counsel's *Tuner/Finley* motion. On January 10, 2014, the PCRA court gave notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Dunson's PCRA petition. On February 21, 2014, it concluded that the issues Dunson sought to raise were without merit and dismissed the petition. This timely appeal follows.

Dunson presents the following issues for our review:

1. Did PCRA court err in denying [Dunson's] [PCRA] petition because [of]:

   a. A violation of the Constitution of this Commonwealth or the Constitution or law of the United States, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

   b. Ineffective assistance of counsel which in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

   c. Trial court's abuse of sentencing discretion.

   d. Illegal sentence.

   e. Post conviction counsel's ineffectiveness.

Dunson's Brief at 5.[1]

As we consider these claims, we recognize that "[t]his Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Walls*, 993 A.2d 289, 294-95 (Pa. Super. 2010) (internal citation omitted).

We are also always cognizant that in order to be entitled to relief under the PCRA, a petitioner first must establish that his conviction or sentence resulted from one or more of the errors found in 42 Pa.C.S.A. § 9543(a)(2). *Commonwealth v. Keaton*, 45 A.3d 1050, 1060 (Pa. 2012). Additionally, the petitioner must establish that his claims have not been previously litigated or waived. *Id.* In the context of the PCRA, an issue is deemed previously litigated if the highest appellate court in which the appellant could have had review as a matter of right has ruled on the merits of the issue and deemed waived if appellant could have raised it but failed to do so before trial, at trial, on appeal or in a prior PCRA proceeding. *Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013).

Section 9543(a)(2) provides as follows:

---

[1] We have reordered the last two issues presented by Dunson for ease of discussion.

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

\*\*\*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

The substance of Dunson's first issue, which he frames as a claim of constitutional violation, is that the evidence was insufficient to support his robbery conviction relating to one of the victims, Nibullah Kakar. Dunson's Brief at 8-9. This claim could have been raised on direct appeal. Accordingly, this issue is waived. **Robinson**, 82 A.3d at 1005.

Next, Dunson argues that trial counsel was ineffective for failing to seek a judgment of acquittal on the robbery charge relating to Mr. Kakar. Dunson's Brief at 10. Dunson did not include this issue in his PCRA petition, and so it cannot be raised now on appeal. **Commonwealth v. Jones**, 815 A.2d 598, 607 (Pa. 2002) (holding that issues not raised in the PCRA court are waived and cannot be raised for the first time on appeal); Pa.R.A.P. 302(a).

In his third issue, Dunson argues that trial counsel was ineffective for failing to "object to the trial [court's] abuse of sentencing discretion" at the time of sentencing or in a timely post-sentence motion. Dunson's Brief at 11. To prove ineffective assistance of his trial counsel, an appellant must show (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the appellant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually

prejudiced the appellant. ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007). The failure to meet any prong of this test requires that the claim be dismissed. ***Id.***

It is well established that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination: "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Thus, under 42 Pa.C.S.A. § 9721(b), a sentencing court must formulate a sentence individualized to that particular case and that particular defendant.

***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) (internal citations omitted).

Addressing this claim, the trial court noted that it sentenced Dunson well within the statutory maximum and that at the time of sentencing, it gave a lengthy explanation for the sentence which took into account the individual circumstances of the case, the pre-sentence investigative report and Dunson's mental health evaluation. Trial Court Opinion, 6/9/14, at 9. The trial court's explanation at sentencing reveals that it considered the

factors contained in 42 Pa.C.S.A. § 9721(b), and that the sentence was clearly individualized and tailored to Dunson. *See id.* at 10-11. The trial court considered all of the factors it was required to, and it would not have altered the sentence if a timely objection or motion for reconsideration had been made. As Dunson has failed to establish that the failure of his trial counsel to timely challenge the discretionary aspects of his sentence caused him prejudice, his claim fails. *Moser*, 921 A.2d at 531.

Similarly, in his next issue, Dunson claims that the trial court abused its discretion when imposing his sentence. Dunson's Brief at 11-13. "Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, this claim cannot afford Dunson relief.

Claims alleging that a sentence is illegal are cognizable under the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(vii), and that is how Dunson frames his next claim. However, a close reading of his claim reveals that Dunson argues that his sentence is illegal because the trial court sentenced him in the aggravated range of the sentencing guidelines and ordered the sentences to run consecutively. Dunson's Brief at 15. These arguments implicate the discretionary aspects of his sentence, *see Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. 2005); *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005), and so they are not cognizable.

Dunson also alleges, however, that his sentence is illegal because the trial court "failed to merge sentences where convictions arose from one criminal episode and were lessor [sic] included offenses[.]" Dunson's Brief at 15. A failure to merge sentences does implicate the legality of a sentence. *See Commonwealth v. Williams*, 920 A.2d 887, 888 (Pa. Super. 2007). However, Dunson does not identify which convictions he believes should have merged or otherwise develop this claim in any way. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. 1997). Further, this Court will not become the counsel for an appellant and develop arguments on an appellant's behalf. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). Accordingly, because Dunson has utterly failed to develop this issue in any way, we find it waived.[2]

---

[2] In his argument on this issue, Dunson twice states that unidentified sentences should have merged simply because the convictions arose from one criminal episode, but only once states that merger was appropriate because they were also lesser included offenses. We note that to the extent that Dunson believes sentences should have merged simply because they arose from the same incident, he is mistaken. Merger is appropriate only when "two distinct facts are present: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013).

In his final issue, Dunson argues that PCRA counsel was ineffective for failing to raise allegations of trial counsel's ineffectiveness for not seeking a judgment of acquittal on the robbery charge relating to Mr. Kakar, failing to timely challenge the discretionary aspects of his sentence, and failing to raise the issue of merger of sentences before the trial court. Dunson's Brief at 14. Dunson fails to address, much less satisfactorily prove, any of the three elements of standard for ineffective assistance of counsel claims as set forth in connection with his third issue above. His entire argument on this issue is one paragraph of bald allegations. Again, we will not comb the record on an appellant's behalf and we may not develop arguments on an appellant's behalf. *Mulholland*, 702 at 1034 n.5; *Gould*, 912 at 873. As Dunson has failed to establish any of the elements of the relevant test, his claim fails.

Having found no merit to Dunson's claims on appeal, we affirm the PCRA court's ruling.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015