**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Brandon WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 2007.
Filed March 14, 2007.

888 

Gerald Wassil, Wilkes-Barre, for appellant.

David W. Lupas and Frank P. Barletta, Asst. Dist. Attys., Wilkes-Barre, for the Com., appellee.

BEFORE: LALLY–GREEN, PANELLA, JJ., and McEWEN, P.J.E.

OPINION BY LALLY–GREEN, J.:

¶1 Appellant, Brandon Williams, appeals from the judgment of sentence entered on November 18, 2005. We affirm.

¶2 The factual and procedural history of the case is as follows. On October 11, 2005, Appellant pled guilty to charges of possession with intent to deliver heroin, firearms possessed by a felon, and carrying a firearm without a license.[1] The charges arose out of an incident on March 30, 2005, when police approached Appellant as he was sitting in his vehicle. The police removed Appellant from the vehicle, conducted a pat-down search, and found heroin in Appellant's pocket. The police then noticed a handgun under the driver's

seat of the vehicle. The first weapons charge arose from the fact that Appellant possessed the weapon while being a convicted felon. The second weapons charge arose from the fact that Appellant did not have a license to carry the weapon.

¶3 On November 18, 2005, the Honorable Peter Paul Olszewski, Jr., sentenced Appellant to a prison term of five to ten years for the drug charge, a consecutive term of two to four years for firearms possessed by a felon, and a consecutive term of one to two years for carrying a firearm without a license. Appellant filed a timely petition to modify the sentence, which was denied. This timely appeal followed.[2]

¶4 Appellant raises one issue on appeal:

Whether the trial court erred in not merging the defendant's sentences for firearms not to be carried without a license with the sentence for persons not to possess firearms?

Appellant's Brief at 4.

 ¶5 Appellant argues that his two firearms sentences should have merged. In essence, Appellant argues that he was illegally sentenced twice for the same criminal act of possessing a firearm without a license.

 ¶6 Appellant raises a non-waivable challenge to the legality of the sentence.[3] *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005) *(en banc), appeal denied*, 917 A.2d 844, 2007 Pa. Lexis 92 (Pa.2007). "The issue before us is a question of law and, as such, our scope of review is plenary and our standard of re-

---

1. 35 P.S. § 780–113(30); 18 Pa.C.S.A. § 6105(a)(1); 18 Pa.C.S.A. § 6106(a)(1).

2. On December 20, 2005, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925 within 14 days. Counsel filed an untimely concise statement on January 19,

2006, raising the issue that he now raises on appeal. The trial court issued a responsive opinion on May 22, 2006.

3. Thus, Appellant's merger claim is not waived under *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), for filing an untimely concise statement.

view is de novo." *Commonwealth v. Jones*, 912 A.2d 815, 816 n. 2 (Pa.2006).

¶ 7 Preliminarily, we note that merger claims have their root in the Double Jeopardy Clause of the United States Constitution. *Id.* at 823. Moreover, in 2002, the Legislature passed a statute governing merger. It states:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

*Id.* at 819 n. 6, quoting 42 Pa.C.S.A. § 9765 (effective February 7, 2003). That approach is substantially similar to the Supreme Court's decision in *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994).

¶ 8 In *Jones*, our Supreme Court issued its most recent pronouncement of the law in the complex area of merger. *Jones* discusses the interplay among double jeopardy principles, Supreme Court case law, and the 2002 statute. We note that *Jones* generated a "lead opinion" approach to merger and a "dissenting opinion" approach to merger. We will analyze Appellant's claim under both approaches.[4] We begin with the lead opinion.

¶ 9 The lead opinion, by Justice Castille, examined several different approaches to merger and the complex history of merger law in Pennsylvania. The lead opinion ultimately adopted a "practical, hybrid approach" that requires courts to "evaluate the statutory elements [of each crime], with an eye to the specific allegations leveled in the case." *Id.* at 822. Under the lead opinion's approach, the key test is whether the defendant was charged and convicted on a single set of facts that satisfies both offenses. *Id.* at 824. If so, the offenses merge. *Id.*

¶ 10 The lead opinion quoted with approval the following principle:

[I]n a situation where the crimes, as statutorily defined, each have an element not included in the other but the same narrow fact satisfies both of the different elements, the lesser crime merges into the greater-inclusive offense for sentencing.

*Id.* at 821, quoting *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890, 899 n. 9 (2002). The lead opinion reasoned that even though this *Gatling* footnote came from a plurality opinion, the concurring and dissenting Justices did not "take issue" with that particular footnote. *Id.*

¶ 11 In doing so, the lead opinion specifically **rejected** a strict "elements of the offense" approach to merger. In other words, the lead opinion rejected an abstract and theoretical approach that considers whether each crime contains an ele-

---

4. As the *Jones* Court itself notes, Supreme Court jurisprudence on this issue has often created fractured plurality opinions. Indeed, the *Jones* opinion itself is somewhat fractured. Justices Cappy and Baer joined Justice Castille's lead opinion. Justice Newman wrote a dissent, joined by Justice Eakin. Justice Saylor generally agreed with Justice Newman's dissenting opinion adopting a "statutory elements" test in accordance with § 9765. *Id.* at 825 (Saylor, J., concurring). Justice Saylor concurred in the result of the lead opinion, but only because the criminal act at issue predated the effective date of § 9765. *Id.* Thus, for criminal acts that **post**-date § 9765, it would appear that three Justices favor the lead opinion's approach and three Justices favor the dissent's approach. (The seventh Justice, Justice Nigro, did not participate.) Because Appellant's crime postdates the effective date of § 9765, we must examine both approaches.

ment that the other does not. *Id.* at 820–823.[5]

¶ 12 Thus, the lead opinion held that charges of criminal trespass and burglary merge for sentencing purposes under the facts of that case. The lead opinion noted that as a practical matter, the Commonwealth charged the defendant with "entering his neighbor's home without her consent to steal a substantial quantity of cash." *Id.* Those facts, as charged and proved at trial, constitute both criminal trespass and burglary; thus, the offenses merge. *Id.*

¶ 13 Under the lead opinion's approach, we can conclude that the two weapons offenses merge. The two offenses read in relevant part as follows:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.—**
>
> (1) A person who has been convicted of [an enumerated offense] ... shall not possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

> **§ 6106. Firearms not to be carried without a license**
>
> **(a) offense defined.—**
>
> (1) [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

¶ 14 As a practical matter, the Commonwealth charged Appellant, a convicted felon, with a single criminal act of possessing a weapon without a license. Appellant lacked a license for the weapon in his vehicle; indeed, by law, he may not possess a license for **any** weapon, because he is a convicted felon. Thus, it is clear that Appellant was charged on a single set of facts that satisfies both weapons offenses. Moreover, the same narrow fact (Appellant's status as a felon, which disqualified him from holding a gun license) satisfied both offenses. Thus, under the lead opinion's approach, the charges merge for sentencing.

¶ 15 We now turn to the dissenting approach. Justice Newman, joined by Justice Eakin and in relevant part by Justice Saylor, adopted the approach to merger set forth in § 9765. *Id.* at 825–827 (Newman, J., dissenting). Again, § 9765 states that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and **all** of the statutory elements of one offense are included in the statutory elements of the other offense." (emphasis added). Notably, the dissent rejected a somewhat more fact-based approach to merger:

> The Majority wishes to place a greater emphasis on the underlying factual circumstances, which purport to establish that the criminal trespass in this particular case is a lesser-included offense of the burglary. This analysis would be consistent with the observation by the *Gatling* plurality that "in a situation where the crimes, as statutorily defined, each have an element not included in the other but the same narrow fact satisfies both of the different elements, the lesser

---

**5.** The lead opinion acknowledged the 2002 merger statute, which appears to adopt a strict "elements" approach. The lead opinion, however, reasoned that "this Court's merger jurisprudence is not rendered irrele- vant by Section 9765, for it is silent as to whether the facts of a case are pertinent to merger analysis ... and our jurisprudence in these cases implicate constitutional double jeopardy concerns." *Id.* at 819 n. 6.

crime merges into the greater-inclusive offense for sentencing." *Gatling*, 807 A.2d at 899 n. 9. However, the Majority would have us ignore the statutory requirement for merger, which mandates that **all** of the statutory elements of one offense coincide with the statutory elements of the other offense. *See* 42 Pa. C.S. § 9765.

*Id.* at 826 (emphasis in original).

¶ 16 The dissent then applied § 9765 to the facts of the case. The dissent reasoned that at least one statutory element of criminal trespass (namely, knowledge that the person was not licensed or privileged to enter) is not an element of burglary. *Id.* Moreover, at least one statutory element of burglary (namely, intent to commit a crime within the building) is not an element of criminal trespass. *Id.* Thus, the dissent reasoned that under § 9765, the offenses do not merge. *Id.*

¶ 17 Applying the dissent's approach to the instant case, the sentences would not merge. Section 6105(a) contains a statutory element that § 6106(a) does not: namely, conviction of an enumerated offense. Under § 6105, the Commonwealth need not prove that the defendant lacks a valid license. Rather, it must only prove that Appellant was convicted of an enumerated offense.

¶ 18 Similarly, Section 6106(a) contains a statutory element that § 6105(a) does not: namely, lack of a valid license. We recognize that by law, people who have been convicted of an enumerated offense cannot hold a valid license for a weapon; thus, the narrow fact of a prior conviction would satisfy "both of the different elements" under *Gatling*. On the other hand, the dissent in *Jones* would reject this fact-centered approach in favor of an elements-centered approach.

¶ 19 In *Jones*, neither approach garnered the votes of more than half of the Justices with respect to acts arising after the effective date of § 9765. Thus, each approach represents a non-binding plurality.

¶ 20 Thus, we must determine which approach to adopt. While the lead opinion's approach is well-reasoned, we adopt the dissenting approach for two reasons. First, the dissenting approach reflects and gives proper deference to § 9765, a statute that has not been ruled unconstitutional by our Supreme Court. Second, the dissenting approach more accurately reflects this Court's jurisprudence on merger. For example, in *Commonwealth v. Johnson*, 874 A.2d 66 (Pa.Super.2005), *appeal denied*, 587 Pa. 720, 899 A.2d 1122 (2006), this Court examined whether the single act of shooting a police officer could support separate sentences for both attempted murder and aggravated assault against a police officer. In holding that the two sentences did not merge, this Court used the "elements" test in *Anderson*. Specifically, the *Johnson* Court held that attempted murder contained an element that aggravated assault did not (namely, intent to kill), while the aggravated assault statute contained an element that attempted murder did not: namely, that the victim was a police officer in the performance of his duty. *Id.* at 71–72. *See also Commonwealth v. Williams*, 871 A.2d 254, 263 (Pa.Super.2005) (collecting Superior Court cases adopting the *Anderson* test where a single criminal act is at issue).

¶ 21 We hold that the trial court did not err as a matter of law by imposing separate sentences for the weapons offenses. Accordingly, we affirm.

¶ 22 Judgment of sentence affirmed.