J-S23018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN TRUONG, | |
| Appellant | No. 1122 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 13, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001043-2010

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                              **FILED MAY 29, 2015**

Appellant, Juan Truong, appeals from the judgment of sentence entered following his revocation of probation.  We vacate the judgment of sentence and remand for resentencing.

The trial court summarized the history of this case as follows:

> In 2010, the Ridley Township police department arrested [Appellant] and charged him with a variety of criminal offenses. On April 6, 2010, [Appellant] entered into a negotiated plea pursuant to which he pled guilty to Receiving Stolen Property (F3) and Criminal Mischief (M2).  He was sentenced to a term of incarceration for the Receiving Stolen Property charge and a consecutive term of probation for Criminal Mischief.
>
> On February 22, 2014, while on parole for Receiving Stolen Property and on probation for Criminal Mischief, he was arrested

---

[*]  Retired Senior Judge assigned to the Superior Court.

for possession of controlled substances, public drunkenness, theft and receiving stolen property.

On March 13, 2014, he entered into a negotiated plea on the charges arising out of the February 22, 2014 arrest and was sentenced pursuant to that agreement. At the same time, this Court conducted a Gagnon II[1] hearing. The Gagnon II Hearing Report prepared by the Adult Probation and Parole Services department stated that the original charges included Information "E) Criminal Mischief (M1)." [Gagnon II Hearing Report, 3/11/2014][.] This Court found [Appellant] guilty of a violation of his probation and sentenced him to a term of 2 to 4 years incarceration on the Criminal Mischief charge.

Trial Court Opinion, 7/30/14, at 1-2. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Was the sentence imposed for the offense of Criminal Mischief illegal since it exceeds the statutory maximum for that crime?

Appellant's Brief at 5.

Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo*. **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa. Super. 2009). A challenge to the legality of the sentence is non-waivable. **Commonwealth v. Williams**, 920 A.2d 887, 888 (Pa. Super. 2007).

_____

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (due process requires that a probationer be given preliminary (**Gagnon I**) and final (**Gagnon II**) hearings prior to the court revoking probation).

Appellant argues that the trial court imposed an illegal sentence following Appellant's probation revocation on his criminal mischief charge. Appellant's Brief at 10. Appellant asserts that the criminal mischief charge was graded as a misdemeanor of the second degree. *Id.* Because sentencing for misdemeanors of the second degree is limited to a maximum of two years of incarceration, Appellant contends that the trial court's sentence of two to four years imprisonment was illegal. *Id.* at 10-11.

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citations omitted). This Court has stated:

> Our statutory and case law are clear. Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal. Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum.

*Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa. Super. 2010) (citations omitted).

Additionally, the Pennsylvania Crimes Code provides as follows for misdemeanor convictions:

**§ 1104.  Sentence of imprisonment for misdemeanors**

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

> (1) Five years in the case of a misdemeanor of the first degree.
>
> (2) Two years in the case of a misdemeanor of the second degree.
>
> (3) One year in the case of a misdemeanor of the third degree.

18 Pa.C.S. § 1104.

The trial court provided the following analysis on this issue:

> The 2 to 4 year sentence would have been legal had the Criminal Mischief charge been an M1 offense, which carries a maximum penalty of five years' incarceration.  See 18 Pa.C.S. § 1104(1).  The Gagnon II report was, however, incorrect.  According to the dockets, [Appellant] pled guilty to an M2 Criminal Mischief offense.  See:  18 Pa.C.S. § 3304(b).  An M2 offense carries a maximum penalty of two years' incarceration.  See:  18 Pa.C.S. § 1104(2).
>
> Defense counsel has correctly noted that the sentence was illegal.  The Superior Court should remand the case to [the trial court] for resentencing.

Trial Court Opinion, 7/30/14, at 2.[2]

A review of the record reflects that Appellant was charged with

criminal mischief graded as a misdemeanor of the second degree.  Judgment

---

[2] We note that the Commonwealth filed a letter in this Court stating its concurrence with the trial court's request to remand the case for re-sentencing.  Therefore, it did not file a brief in this matter.  Letter from the Assistant District Attorney of Delaware County, 2/20/15, at 1.

of Sentence, 4/6/10, at 1. The **_Gagnon II_** Hearing Report incorrectly identified Appellant's criminal mischief conviction as a misdemeanor of the first degree. **_Gagnon II_** Hearing Transcript, 7/23/13. Thus, the sentence on the criminal mischief charge following probation revocation was illegal because it exceeded the statutory maximum of two years of imprisonment. The trial court properly concluded that Appellant's sentence on this charge was illegal. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/2015