J-S32021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DEVON INGRAM, | |
| Appellant | No. 1681 WDA 2014 |

Appeal from the PCRA Order of August 7, 2014
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000376-2009

BEFORE: SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                               **FILED JULY 24, 2015**

Appellant, Michael Devon Ingram, appeals from the order entered on August 7, 2014, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel filed a petition to withdraw from further representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, we grant counsel's petition to withdraw and affirm the dismissal of Appellant's PCRA petition.

We previously summarized the facts of this case as follows:

> At the conclusion of trial on April 13, 2010, a jury found Appellant guilty of criminal conspiracy to distribute a controlled substance (cocaine), distribution of a controlled substance (cocaine), criminal attempt to deliver a non-controlled substance, possession of drug paraphernalia, and driving while operating privileges are suspended or revoked.

Thereafter, on June 16, 2010, the trial court sentenced Appellant to an aggregate term of 69-138 months' incarceration.

The evidence introduced at trial established the following facts. In May 2009, several undercover narcotics officers engaged in a surveillance detail observed Appellant enter a residence on Liberty Street in Franklin, PA. A confidential informant followed Appellant into the residence. Once inside, the informant gave $175.00 in pre-marked currency to Rebecca [Chludzinski], the occupant of the Liberty Street residence, who in turn handed the money to Appellant who was standing in the doorway of a separate room. The informant testified that, although Appellant was standing in a different room, the informant was still able to observe Appellant hand a baggie of crack cocaine to [Chludzinski]. [Chludzinski] also told the informant that he should hurry back if he wanted more cocaine because Appellant intended to leave the area shortly. After exiting the Liberty Street residence, the informant walked directly to law enforcement personnel engaged in the surveillance detail and gave them the baggie of crack cocaine. Subsequently, Appellant left the residence and departed from the scene in a green, 2-door Buick.

Based upon their observations and information obtained from the confidential informant, the investigating officers obtained and executed a search warrant at the Liberty Street residence. While executing the warrant, the officers interviewed [Chludzinski] who stated that the crack cocaine sold at her residence came from Appellant and that Appellant planned to return to the residence in the green Buick with at least two baggies of crack cocaine.

The following day, pursuant to an anticipatory vehicle warrant obtained in reliance upon the foregoing facts, investigating officers detained and performed a search of Appellant and his automobile. As a result of this search, officers recovered from Appellant's left front pants pocket the pre-marked currency used by the confidential informant to make the controlled purchase of crack cocaine. Officers also recovered a counterfeit substance packaged as crack cocaine.

On August 6, 2009, Appellant moved to suppress the evidence obtained from the search of his vehicle. The trial court denied Appellant's suppression motion on January 26, 2010. Based upon the evidence presented at trial, a jury found Appellant guilty on April 13, 2010. At the sentencing hearing held on June 16, 2010, Appellant made an oral motion for extraordinary relief based on the contention that one of the Commonwealth's witnesses wished to recant her testimony. After concluding that Appellant's claim did not warrant extraordinary relief, the trial court deferred consideration of Appellant's contention and proceeded to impose the sentence described above. Appellant filed a post-sentence motion on February 4, 2011. That motion was denied by operation of law on June 4, 2011.

*Commonwealth v. Ingram*, 50 A.3d 231 (Pa. Super. 2011) (unpublished memorandum) (footnotes to criminal statutes omitted) at 2-4.

A timely appeal resulted. On May 1, 2012, this Court affirmed Appellant's judgment of sentence in an unpublished memorandum wherein we adopted the trial court's opinion. *See id.* On August 2, 2012, Appellant filed a *pro se* PCRA petition. On August 7, 2012, the PCRA court appointed counsel to represent Appellant. On March 18, 2013, counsel for Appellant filed an amended PCRA petition. The PCRA court held a hearing on the amended PCRA petition on April 11, 2014. By order and opinion dated August 7, 2014, the PCRA court denied relief. This timely appeal followed.[1]

_____

[1] Appellant filed a notice of appeal on September 5, 2014. On October 7, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 17, 2014.

On appeal to this Court, PCRA counsel determined that there are no "non-frivolous" issues for appellate review. Because of this determination, counsel notified Appellant of his intent to withdraw from representation and filed, in this Court, both a motion to withdraw as counsel and an accompanying "no merit" letter pursuant to *Turner/Finley*. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). Appellant filed a *pro se* request for an extension of time to respond to counsel's "no merit" letter. By order entered on February 6, 2015, this Court granted an extension, giving Appellant until January 29, 2015 to file a response. To date, Appellant has not responded.

Counsel's *Turner/Finley* letter presents the following claims for our consideration:

1. The offense of possession with intent to deliver should be made concurrent with the possession offense, since the lesser of the offenses is included in the greater offense[], and should not have been sentenced consecutively.

2. [Appellant] believes he was convicted of [possessing] a non-controlled substance but sentenced for [possessing] a controlled substance.

3. The trial court failed to hold a hearing or to address the assertion that one of the Commonwealth's witnesses, Rebecca Chludzinski, had recanted her testimony and been coerced into providing the testimony at trial.

4. Trial and appellate counsel were ineffective for failing to appeal or to [file] post-sentence motions when the Commonwealth's witness stated that she wanted to recant her testimony and had been forced into testifying falsely at trial.

5. Trial counsel failed to conduct a proper or adequate pre-trial investigation, by failing to interview witnesses, finding out about the alleged confidential informant who was never involved in prior criminal cases, and therefore was not a reliable confidential informant as alleged by the police.

6. The District Attorney was involved in previous cases of similar prosecutorial misconduct.

Appellant's Brief at 2-6 (superfluous capitalization omitted).[2]

Prior to reviewing the merits of this appeal, we first decide whether counsel fulfilled the procedural requirements for withdrawing as counsel. *Doty*, 48 A.3d at 454. As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner***, supra* and **Finley***, supra* and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
>         *         *         *

_____

[2] Counsel has not paginated the **Turner**/**Finley** brief. We have provided page numbers for ease of reference.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.**

Here, counsel satisfied all of the above procedural requirements. Thus, having concluded that counsel's petition to withdraw is **Turner**/**Finley** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

In reviewing the denial of PCRA relief,

> we examine whether the PCRA court's determination is supported by the record and free of legal error. To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2); his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. **Id.** § 9543(a)(4). An issue is previously litigated if the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue. **Id.** § 9544(a)(2). An issue is waived if [A]ppellant could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding. **Id.** § 9544(b).
>
> In order to obtain relief on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in **Strickland v. Washington**, 466 U.S. 668 (1984). In Pennsylvania, we have applied the **Strickland** test by requiring that a petitioner establish that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of

counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. In other words, prejudice is assessed in terms of whether the petitioner has shown that the demonstrated ineffectiveness sufficiently undermines confidence in the verdict. Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the **Strickland** test, the court may dismiss the claim on that basis.

**Commonwealth v. Montalvo**, 2015 WL 1888580, at *7-8 (Pa. 2015) (quotations, ellipsis and some citations omitted).

In his first issue presented, Appellant contends that his sentences should have run concurrently, because his convictions arose from the same events. Appellant's Brief at 3. This claim implicates the discretionary aspects of sentencing. **See Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014) ("Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed."). Upon review, however, Appellant did not couch this claim in terms of ineffective assistance of counsel in his PCRA petition and it is waived. **See Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa. Super. 2003) (holding a claim regarding the discretionary aspects of sentence, must be raised in the context of an ineffectiveness claim to be cognizable under the PCRA). Moreover, upon review of the record, Appellant argued that his sentence was excessive on direct appeal. Thus, any challenge to the consecutive nature of his sentences was previously litigated or otherwise waived for this additional reason.

Alternatively, Appellant claims trial counsel was ineffective for failing to request the merger of the sentences. ***Id.*** Unlike a challenge to the discretionary aspects of sentencing, a claim that merger of sentences was applicable implicates the legality of sentence and cannot be waived. ***See Commonwealth v. Williams***, 920 A.2d 887 (Pa. Super. 2007) (claim that sentences should have merged raises a non-waivable challenge to the legality of the sentences). Here there is no merit to the claim that trial counsel was ineffective for failing to request merger, because merger was not applicable. We previously determined:

> Crimes do not merge unless they arise from a single criminal act and all the statutory elements of one offense are included in the elements of the other. ***Commonwealth v. Williams***, 920 A.2d 887, 889 (Pa. Super. 2007); 42 Pa.C.S.A. § 9765. The crime of possessing a controlled substance does not involve, as a statutory element, the possession of paraphernalia. ***See*** 35 P.S. § 780-113(a)(16). Similarly, possessing paraphernalia does not have as a material element, the possession of a controlled substance. ***See*** 35 P.S. § 780-113(a)(32). Lastly, the crime of delivering a controlled substance requires, quite obviously, the delivery thereof to another person. 35 P.S. § 780-113(a)(30). The offenses of possessing a controlled substance and possessing paraphernalia do not require delivery. Thus, the statutory elements of each of these offenses are not contained in the others. The sentences do not merge. Appellant's claim fails.

***Commonwealth v. Pitner***, 928 A.2d 1104, 1111 (Pa. Super. 2007). Moreover, "it is well established that the completed crime and the conspiracy to complete the crime are separate and distinct offenses and do not merge for sentencing purposes." ***Commonwealth v. Causey***, 833 A.2d 165, 177

(Pa. Super. 2003) (citation omitted). Here, none of Appellant's convictions should have merged; therefore, counsel cannot be ineffective for failing to raise a meritless challenge. Hence, Appellant's first issue fails.

Next, Appellant claims "that he was convicted by the jury of conspiracy and delivery of a **non-controlled** substance in counts one and two, and that he was sentenced [for] conspiracy and delivery of a **controlled** substance on those counts." Appellant's Brief at 4 (emphasis supplied).

On this issue, the PCRA court determined:

> [] Appellant, in fact, was convicted and sentenced on [convictions for possessing] both a non-controlled and controlled substance. A review of [the trial court's] sentencing order reveals that on June 16, 2010, Appellant was sentenced as follows: on count 1, criminal conspiracy to commit distribution of sale of a controlled substance/cocaine, to a term of imprisonment of forty-five (45) months to ninety (90) months; count 2, distribute a controlled substance/cocaine, to a term of forty-five (45) months to ninety (90) months; [] and count 3, criminal attempt to deliver a non-controlled substance to a term of imprisonment of twenty-four (24) months to forty-eight (48) months. Count 4 and 5 dealt with possession of paraphernalia and driving while operating privilege is suspended, respectively.

PCRA Court Opinion, 12/17/2014, at 6 (some capitalization omitted).[3]

Upon review of the certified record, we conclude that Appellant was convicted and sentenced for conspiracy, delivery of a controlled substance, attempt to deliver a non-controlled substance, and possession of drug

---

[3] The PCRA court did not paginate its opinion. Thus, we have provided page numbers for ease of reference.

paraphernalia. Appellant's confusion stems from the fact that the Commonwealth filed a bill of criminal information and, subsequently, amended it three times before trial. Prior to trial, the trial court held two hearings for additional discovery, wherein Appellant requested laboratory tests conducted on the substance that police obtained in the controlled narcotics purchase. At trial, the Commonwealth presented the testimony of Ted Williams, a forensic scientist, who tested all of the recovered substances. The substance recovered from the controlled narcotics buy tested positive as crack cocaine. N.T., 4/13/2010, at 12, 16-17. The Commonwealth requested that the laboratory results be published to the jury because, "the third count [against Appellant] was a substantially similar substance that [Appellant] was trying to pass [] off as crack cocaine." *Id.* at 17. Defense counsel did not object. *Id.* at 18. Thereafter, Williams testified that "no controlled substances [were] detected" from the substances recovered from the trunk of the vehicle Appellant was driving, despite the fact that presumptive tests conducted by the police department indicated the presence of cocaine. *Id.* at 20. Prior to deliberation, the trial court noted there were four charges for the jury's consideration – conspiracy, delivery of cocaine, criminal attempt to deliver a non-controlled substance, and possession of drug paraphernalia. N.T., 4/13/2010, at 191. The trial court defined the elements of those crimes to the jury. *Id.* at 192-205. The verdict slip reflects that the jury found Appellant guilty of possession of delivery of a controlled substance and criminal attempt to

deliver a non-controlled substance, as well as conspiracy and possession of drug paraphernalia.  Verdict, 4/13/2010, at 1.

At the sentencing hearing prior to the imposition of the sentence, the Commonwealth told the trial court that amendments to the bill of criminal information were necessary because the presumptive narcotics tests and confirmatory tests were not compatible.  N.T., 6/16/2010, at 28.  The District Attorney noted that it amended the bill of criminal information and the jury was charged accordingly.  *Id.* at 29.  The trial court compounded the confusion regarding the controlled versus non-controlled substances charges and convictions, however, by entering an order of court on April 13, 2010.  In that order, the trial court directed the Pennsylvania Board of Probation and Parole to complete a pre-sentence investigation in anticipation of sentencing, but erroneously stated that Appellant was "guilty [of] [c]ount 2, distribute a **non-**controlled substance."  Trial Court Order, 4/13/2010, at 1 (emphasis added).  The Commonwealth brought the error to the trial court's attention prior to sentencing and the trial court agreed that its April order was erroneous.  N.T., 6/16/2010, at 29-32.  Defense counsel also agreed.  *Id.* at 31.  Before imposing sentence, the trial court sent the pre-sentence investigation report back to the probation department for a recalculation of the sentencing guidelines as the result of the error.  *Id.* at 31-33.  Appellant was sentenced thereafter.  Thus, Appellant was properly charged and the jury found him guilty of both delivery of cocaine and attempt to deliver a non-controlled substance, as well as conspiracy and

possession of drug paraphernalia. Hence, there is no merit to Appellant's second issue.

Appellant's third and fourth issues presented are inter-related and we will examine them together. At the hearing prior to sentencing, the trial court noted that it received a letter, dated May 22, 2010, from trial witness Rebecca Chludzinski claiming "she was coerced into giving the testimony that she gave at the time of trial, and that the testimony was not true." N.T., 6/16/2010, at 13. Currently, Appellant argues that the trial court erred by not holding a hearing on the matter when it was raised at sentencing. Appellant's Brief at 5. Appellant also claims that trial and appellate counsel were ineffective for failing to raise the matter in a post-sentence motion. *Id.*

On these issues, the PCRA court determined:

> At [Appellant's] PCRA hearing, [] Jeri Bolton, Esq[.], who worked for the Public Defender's Office and was counsel for [Appellant] at trial, testified that [] the letter dated May 22, 2010, actually was recanted by Ms. Chludzinski. Moreover, Attorney Bolton testified she informed then-Assistant District Attorney ("ADA") James Carbone she was told by Cody Kostra ("Kostra"), a jailhouse informant, that Ms. Chludzinski told Kostra she recanted. Attorney Bolton testified that she did not know of Ms. Chludzinski's reputation to be a snitch or tendency to say anything. Importantly, however, Attorney Bolton testified that the evidence [at trial] was so overwhelmingly against [Appellant] that, even discounting Ms. Chludzinski's testimony in its entirety, the verdict would have been the same. For example, [Appellant] was found with the drugs in his car, along with the marked bills which were used in the controlled buy. There really was no question but that [Appellant] was guilty.

PCRA Court Opinion, 12/17/2014, at 5.

Upon review, we agree. Appellant failed to show he was prejudiced by Chludzinski's trial testimony. In reviewing the trial transcripts, Chludzinski was the intermediary between the confidential informant and Appellant; she testified that she found customers for Appellant. N.T., 4/13/2010, at 39-42. However, the confidential informant testified at trial as an eyewitness to the drug transaction that ultimately led to Appellant's arrest and charges. The informant testified that he gave Chludzinski money, she gave the money to Appellant, Appellant handed drugs to Chludzinski, and Chludzinski handed the drugs to the informant. N.T., 4/12/2010, at 161. Because the informant personally witnessed the drug transaction, Chludzinski's testimony in this regard was superfluous. Officer Kirt R. Gindhart testified that he executed a search warrant for the vehicle Appellant was driving and found, what police initially believed to be, crack cocaine hidden in a shoe inside the trunk. *Id.* at 196-204. In a search incident to arrest, Officer Fred Meyers testified that he recovered, from Appellant's person, the marked currency used by the confidential informant in the controlled narcotics purchase. *Id.* at 96-107. Based on the foregoing, there was sufficient evidence, without Chludzinski's testimony, to support Appellant's convictions. Appellant has not shown there was a reasonable probability that the result of the proceeding would have been different or shown that counsel's ineffectiveness sufficiently

undermined confidence in the verdict. Hence, Appellant's third and fourth issues fail.

Next, Appellant claims "trial counsel was ineffective in that she failed to conduct a proper or adequate pretrial investigation by failing to interview witnesses and failing to investigate the confidential informant." Appellant's Brief at 7. More specifically, Appellant avers that trial counsel "failed to talk to Cody Kostra and Wesley Cain[,]" as potential trial witnesses. *Id.*

Appellant's claim fails for several reasons. First, the transcript of Appellant's trial reflects that trial counsel interviewed Cody Kostra and called him as a witness at trial. *See* N.T., 4/13/2010, at 112-123. Thus, there is no merit to this portion of Appellant's claim. Next, trial counsel testified at the PCRA hearing that Wesley Cain's testimony would have been cumulative of Kostra's and counsel was concerned that Cain's history of domestic problems, including a bench warrant at the time of trial, made him a poor witness. N.T., 4/11/2014, at 16-18. Thus, trial counsel had a reasonable basis not to call Cain as a trial witness. Finally, with regard to Appellant's contention that counsel was ineffective for failing to investigate the confidential informant, on direct appeal we determined that "the reliability of the confidential informant was established by prior accurate information furnished to the police and through his or her involvement in the criminal activity under investigation in the present case." *Commonwealth v. Ingram*, 50 A.3d 231 (Pa. Super. 2011) (unpublished memorandum) at 5

n.7. As such, there is no merit to Appellant's contention that counsel was ineffective for failing to investigate independently the confidential informant before trial. Accordingly, Appellant's fifth issue fails.

Finally, Appellant contends the assistant district attorney in this case "has been found to have engaged in prosecutorial misconduct in other cases." Appellant's Brief at 8. Appellant, however, "cannot demonstrate prejudice in the instant case through an alleged violation in a different one." *Commonwealth v. Simpson*, 66 A.3d 253, 267 n.19 (Pa. 2013). This claim fails.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015