J-S26034-16
J-S26035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUSSIU STEWART, | : | |
| | : | |
| Appellant | : | No. 3419 EDA 2014 |

Appeal from the Judgment of Sentence November 10, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0006476-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUSSIU STEWART, | : | |
| | : | |
| Appellant | : | No. 3420 EDA 2014 |

Appeal from the Judgment of Sentence November 10, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0006483-2012

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:               **FILED MAY 16, 2016**

* Retired Senior Judge assigned to the Superior Court.

Russiu Stewart (Appellant) appeals from two judgments of sentence imposed on November 10, 2014, in the Montgomery County Court of Common Pleas.[1] We affirm.

On August 13, 2012, at approximately 2:00 in the morning, Appellant committed an armed robbery at a CVS pharmacy in Norristown, Pennsylvania. At approximately 11:00 that evening, Appellant perpetrated a second armed robbery, this time at an A-Plus convenience store. On August 14, 2012, Appellant was arrested and charged at two separate criminal complaints with a number of offenses stemming the August 13 robberies.

> On March 26, 2013, [Appellant] entered open guilty pleas in the following two cases: (1) at Docket No. 6476-2012, he pled guilty to robbery, persons not to possess firearms, and firearms not to be carried without a license; and (2) at Docket No. 6483-2012, he pled guilty to robbery, persons not to possess firearms[, 18 Pa.C.S. § 6105], firearms not to be carried without a license[, 18 Pa.C.S. § 6106], and possession with intent to deliver controlled substances (PWID). Sentencing was originally scheduled for June 21, 2013, however, that hearing was continued so that the parties could determine whether [Appellant] had a prior conviction for robbery, which would constitute a first strike for sentencing purposes. *See* 42 Pa.C.S. § 9714(a)(1).
>
> At the July 2, 2013, sentencing hearing, the Commonwealth provided the trial court with a certified copy of [Appellant's] 2009 conviction for robbery, a felony of the first degree. Defense counsel agreed the prior conviction counted as a first strike, and that both of the robbery convictions before the court would count as second strikes pursuant to Section 9714. The trial court then proceeded to impose the following

---

[1] Because the appeals at 3420 EDA 2014 and 3419 EDA 2014 both involve related questions of law and are part of the same sentencing scheme, we have consolidated them for purposes of disposition.

sentences. At Docket No. 6476-2012, the trial court sentenced [Appellant] to a mandatory minimum term of 10 to 20 years' imprisonment for robbery, and concurrent terms of four to 10 years for persons not to possess firearms[, § 6105,] and two to 10 years for firearms not to be carried without a license[, § 6106]. At Docket No. 6483-2012, the court imposed the same sentence for the count of robbery and the violations of the Uniform Firearms Act. However, the trial court also imposed a consecutive sentence of a mandatory minimum five to 10 years' imprisonment for PWID, pursuant to 42 Pa.C.S. § 9712.1. The trial court directed the sentences at Docket No. 6483-2012 would run concurrently with the sentences at Docket No. 6476-2012. Therefore, the aggregate sentence imposed for both cases was a term of 15 to 30 years' incarceration. [Appellant] filed post sentence motions at both docket numbers challenging only the trial court's imposition of a consecutive sentence on the charge of PWID at Docket No. 6483-2013. The court denied the motions on August 8, 2013[.]

*Commonwealth v. Stewart*, 108 A.3d 105, (Pa. Super. 2014) (unpublished memorandum at 1-5) (footnotes omitted).

Appellant timely filed a direct appeal. On October 7, 2014, a panel of this Court determined that sentences of two to 10 years' imprisonment imposed for his § 6106 convictions were illegal as they exceeded the statutory maximum for third-degree felony convictions. *See id.* Accordingly, this matter was remanded to the trial court for resentencing.[2]

On November 10, 2014, following a hearing, the trial court imposed the following sentence. With respect to 6483-2012, Appellant was sentenced

---

[2] This Court also determined that the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), rendered illegal the five year mandatory minimum sentence imposed for Appellant's PWID conviction. The trial court was instructed to resentence Appellant upon remand without application of the mandatory provision.

at Count 1, robbery, to a term of 10 to 20 years' incarceration. At Count 5, § 6105, persons not to possess firearms, he was sentenced to a term of four to 10 years of incarceration, to run concurrent with Count 1. At Count 6, § 6106, possession of a firearm without a license, Appellant was sentenced to two-and-one-half to five years' imprisonment, to run consecutive with the sentence imposed at Count 1. At Count 10, PWID, Appellant was sentenced to a term of two-and-one-half to five years' imprisonment to run consecutive to that imposed at Count 6. Appellant's aggregate sentence for 6483-2012 is 15 to 30 years' incarceration.

With respect to 6476-2012, Appellant was sentenced at Count 1, robbery, to a term of 10 to 20 years' incarceration. At Count 5, § 6105, persons not to possess firearms, he was sentenced to a term of four to 10 years' of incarceration, to run concurrent with Count 1. At Count 6, § 6106, possession of a firearm without a license, Appellant was sentenced to two-and-one-half to five years' imprisonment, to run concurrent with the sentence imposed at Count 5. Thus, Appellant's aggregate sentence for 6476-2012 is 15 to 30 years' incarceration. This sentence was ordered to be served concurrently with that imposed at 6483-2012.

Appellant did not file post-sentence motions; however, he timely filed a notice of appeal. On appeal Appellant asks this court to consider "whether the trial court erred in failing to merge the gun possession charges for

sentencing purposes with regard to each [case] and with regard to each charge." Appellant's Briefs at 9.[3]

Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary. ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009) (citation omitted).

It is well-settled that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765. Thus, merger is "prohibited unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Baldwin***, 985 A.2d at 833.

> In ***Commonwealth v. Williams***, 920 A.2d 887 (Pa. Super. 2007), this Court considered whether offenses under § 6105 and § 6106 merge for sentencing purposes. We concluded that offenses under § 6105 and § 6106 did not merge because each offense contains an element that the other does not. Section 6105 requires proof that the defendant has

---

[3] We note that the issue raised on appeal differs from that raised in Appellant's 1925(b) statement. However, because the issue implicates the legality of Appellant's sentence, we decline to find waiver. ***Commonwealth v. Woods***, 710 A.2d 626, 632 n.4 (Pa. Super. 1998).

committed one of the enumerated offenses precluding him from carrying a firearm. Section 6106 requires proof that the defendant does not have a license. *Id.* at 891.

*Commonwealth v. Taggart*, 997 A.2d 1189, 1200 (Pa. Super. 2010). Thus, we find no error in the trial court's imposition of a separate sentence for § 6105 and § 6106 at each docket number. Accordingly, we hold that Appellant is not entitled to relief on this issue.

We turn now to Appellant's contention that the firearms offenses should have merged across criminal informations because the two armed robberies in question constituted a single, uninterrupted criminal episode; thus, there was only one possessory offense. Appellant's Briefs at 41-43.

Appellant's argument on this point relies on this Court's decision in *Commonwealth v. Woods*, 710 A.2d 626 (Pa. Super. 1998). Appellant's Brief at 43. Woods was involved in a vehicle accident. When the other driver involved in the accident approached him to exchange insurance information, Woods fired a gun at him and fled. While fleeing, Woods discharged his gun a second time when another individual approached his disabled vehicle to provide assistance. Woods then carjacked the second victim's vehicle and continued his flight. *Id*. at 631. Woods was ultimately apprehended and convicted of, *inter alia*, two counts of violating § 6108 of the Uniform Firearms Act, which prohibits carrying firearms in public in Philadelphia. 18 Pa.C.S. § 6108. On appeal, a panel of this Court concluded that Woods' possession of a firearm constituted a single offense under

§ 6108 and the crime was complete upon carrying the weapon on the public

street, regardless of whether it was used in the commission of a crime.

*Woods*, 710 A.2d at 631-32.  The Court reasoned as follows.

> [Woods] would have been guilty of violating § 6108 by carrying a weapon regardless of whether or not he used the weapon in the commission of a crime. Logically speaking then, the Commonwealth's decision to charge him with two violations of this section is wholly arbitrary.
>
> Under § 6108 a crime is committed by carrying a weapon on a public street. **In the context of an uninterrupted or continuous carrying of a weapon at what point does one stop "carrying" a firearm on the street and start anew?** Does one commit a violation of the Act with every step he takes while carrying a firearm? Or does one commit a violation based upon a certain passage of time? If so, how much time must pass before a new offense begins? Is it a separate offense for every hour one carries a weapon? Or every ten minutes?
>
> **The fact of the matter is there was no evidence to indicate that [Woods] carried the subject weapon in other than an uninterrupted fashion for the entire period encompassing the two assaults, as well an indeterminate period of time before and after the assaults.** Since under the Act commission of the offense is not predicated upon the commission of a crime with the weapon the charging of two violations is no more logical than charging appellant for one offense every ten minutes, or every hour, or every step he took, while carrying a weapon. Although zealous District Attorneys might embrace such an interpretation of the Act we cannot. Since the offense is not linked to usage of the firearm in a separate crime appellant's "carrying" of the weapon must be construed, from a logical standpoint, to represent a single offense of the statutory prohibition against carrying a weapon upon the street. Since appellant committed but one offense in carrying a weapon upon the streets, he cannot have two sentences imposed upon him for that violation.

*Id.* (emphasis added; footnotes omitted).

Here, unlike in **Woods**, Appellant's conduct did not constitute an uninterrupted and continuing criminal episode. Although both robberies occurred on August 13, 2012, the record is clear that 21 hours elapsed between them and that each was an independent criminal act. **See Commonwealth v. Miskovitch**, 64 A.3d 672 (Pa. Super. 2013) (holding that, *inter alia*, a string of thefts and robberies committed on July 31 and August 1, 2004, did not constitute a single criminal episode where there was no temporal or logical relationship between the two offenses, other than they were both committed by the same defendant). Given the factual scenario presented herein, we find Appellant's reliance on **Woods** is misplaced. Accordingly, we discern no error in the sentences imposed by the trial court.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016

J-S26034-16
J-S26035-16