J. A29004/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWIN A. FIKE, | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 329 WDA 2016 |

Appeal from the Judgment of Sentence January 8, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002026-2014

BEFORE: DUBOW, J., MOULTON, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED NOVEMBER 17, 2016**

Appellant, Edwin A. Fike, appeals from the Judgment of Sentence entered by the Fayette County Court of Common Pleas on January 7, 2016, following his December 7, 2015 guilty plea to one count each of Indecent Assault and Corruption of Minors.[1] Appellant avers that his two convictions should be merged for sentencing purposes, urging this Court to adopt a hybrid test for our merger analysis. As this Court has previously rejected

---

[1] These charges arose out of a January 2009 incident in which Appellant repeatedly grabbed the chest of his victim, a female cousin less than 13 years of age. Trial Court Opinion, filed 3/30/16, at 1. Appellant had two prior convictions for Involuntary Deviate Sexual Intercourse and Indecent Assault. *Id.* During sentencing, Appellant told the trial court he has "a hard time with young girls." *Id.*

the hybrid test and found that Indecent Assault and Corruption of Minors do not merge for sentencing purposes, we affirm.

Appellant relies on **Commonwealth v. Jones**, 912 A.2d 815 (Pa. 2006), for the proposition that courts in this Commonwealth should apply a hybrid approach to merger analysis in which they consider both the statutory elements of the offenses as well as the facts in the well-pleaded complaint. Appellant's Brief at 7-9. However, Appellant ignores the fact that **Jones** is a fractured, non-binding, plurality Opinion that the legislature superseded by statute and that this Court rejected in favor of a statutory elements test.[2] **See Commonwealth v. Williams**, 920 A.2d 887 (Pa. Super. 2007) (noting the nonbinding nature of **Jones** and its inapplicability to offenses committed after 42 Pa.C.S. § 9765 became effective).

In **Williams**, this Court thoroughly analyzed the lead and dissenting opinions of **Jones** in light of the legislature's enactment of 42 Pa.C.S. § 9765, governing merger. Under Section 9765, "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory

---

[2] Under a hybrid test, courts are instructed to "evaluate the statutory elements of each crime [as charged], with an eye to the specific allegations leveled in the case" to determine "whether the defendant was charged and convicted on a single set of facts that satisfies both offenses." **Commonwealth v. Williams**, 920 A.2d 887, 889 (Pa. Super. 2007) (citation and quotation omitted). Under a statutory elements test, no two offenses may merge unless "**all** of the statutory elements of one offense coincide with the statutory elements of the other offense." **Id.** at 891.

elements of the other offense." 42 Pa.C.S. § 9765. In light of the clear statutory language in Section 9765, this Court rejected the hybrid test in favor of the statutory elements test. **Williams**, 920 A.2d at 891.

In **Commonwealth v. Martz**, 926 A.2d 514, 526-27 (Pa. Super. 2007), this Court applied the statutory elements test adopted in **Williams** to the issue now raised: whether Indecent Assault and Corruption of Minors should merge for sentencing purposes. As this Court recognized, merger is not required because:

> 18 Pa.C.S.[] § 6301(a)(1) (corruption of minors) contains a statutory element that 18 Pa.C.S.[] § 3126(a)(7) (indecent assault) does not; namely, a person eighteen years and upwards engages in "any act" which corrupts or tends to corrupt the morals of a minor less than eighteen years of age is guilty of violating Section 6301(a)(1). Under Section 6301(a)(1), the Commonwealth need not prove that the defendant had "indecent contact" with the complainant to be guilty of corruption of minors, "any act" which tends to corrupt the minor contravenes the statute. In contrast, to be guilty of violating Section 3126(a)(7), the complainant has to be less than thirteen years of age and the defendant must have had "indecent contact" with the complainant, whereas "any act" engaged in by the defendant tending to corrupt the complainant will constitute a violation of Section 6301(a)(1).

**Id.** at 526.

Put simply, binding precedent clearly dictates that (i) the hybrid test does not apply to merger analysis in this Commonwealth; and (ii) under a statutory elements test, the trial court did not err in finding that Indecent Assault and Corruption of Minors do not merge for sentencing purposes.

Judgment of Sentence affirmed. Jurisdiction relinquished.

J. A29004/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016