J-S38028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :             PENNSYLVANIA

                     v. :

MATTHEW JOHNSON :

            Appellant : No. 2784 EDA 2017

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004231-2016

BEFORE: OTT, J., DUBOW, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY OTT, J.:      **FILED DECEMBER 23, 2019**

I am constrained to dissent from the majority. I do not believe the issue addressed by the majority has been properly preserved. Accordingly, I would remand the matter for further proceedings pursuant to Pa.R.A.P. 1925(c)(3).

My review of the record indicates that at the close of the presentation of evidence, on July 18, 2017, Johnson filed a motion to dismiss based upon a claimed lack of conformity of the evidence to the requirements of 35 P.S. § 780-113(35)(ii)(A)-(E). The motion did not raise the issue currently before this Court. The motion was denied and the jury subsequently convicted Johnson on all charges.

---

[*] Retired Senior Judge assigned to the Superior Court.

On July 28, 2017, Johnson filed a post-sentence motion in arrest of judgment that included the same argument raised on July 18, 2017, but once again did not raise the issue currently before our Court.

Prior to disposition of his post-sentence motion, on August 17, 2017, Johnson filed his notice of appeal to the Superior Court. On September 7, 2017, the trial court denied Johnson's post-sentence motion.

On October 25, 2017, the trial court issued an order directing Johnson to file, within 21 days, his Pa.R.A.P. 1925(b) statement of matters complained of on appeal. That order was docketed on October 25, 2017. Pursuant to Pa.R.A.P. 1925(b)(3)(i), Johnson had 21 days from the date of entry of the order (10/25/2017) in which to timely file his Pa.R.A.P. 1925(b) statement. The 21st and final day on which to file his Pa.R.A.P. 1925(b) statement was November 15, 2017. Johnson filed his Pa.R.A.P. 1925(b) statement on November 16, 2017, one day late.[1] Relevant to this appeal, the 1925(b) statement made reference to the post-sentence motion, but did not raise the issue currently before this Court.

On November 9, 2017, trial counsel filed a motion to withdraw as counsel, which was denied by the trial court on April 12, 2018. In the meantime, on December 13, 2017, trial counsel filed a motion to withdraw as

_____

[1] *See Commonwealth v. Williams*, 920 A.2d 887, 888 n.3 (Pa. Super. 2007) (noting, generally, all issues are waived when an untimely 1925(b) statement is filed.)

- 2 -

counsel with the Superior Court. Trial counsel claimed irreconcilable differences with Johnson regarding how to proceed with his defense,[2] as well as a disagreement over the payment of fees. This motion was denied on January 16, 2018.

On August 24, 2018, current counsel entered his appearance on behalf of Johnson. There is no order in the certified record which granted trial counsel leave to withdraw.

Also on August 24, 2018, current counsel, without seeking permission pursuant to Pa.R.A.P. 1925(b)(2), filed a new Pa.R.A.P. 1925(b) statement. Accordingly, this Pa.R.A.P 1925(b) was also untimely. Additionally, this statement claimed insufficient evidence was presented at trial to support a conviction under a statute under which Johnson was not charged (35 P.S. 780-113(35)(i)). Therefore, the issue raised in this Pa.R.A.P. 1925(b) statement is also irrelevant. This 1925(b) statement did not refer to, incorporate, or claim to supplement the initial, untimely, Pa.R.A.P. 1925(b) statement.

The trial court opinion that denied Johnson relief based on the fact that the current counsel's 1925(b) statement is irrelevant to Johnson's conviction.

In his brief, Johnson has raised the issue addressed by the majority, but which was not raised before the trial court. The Commonwealth's brief argues Johnson is not entitled to relief based on waiver; the issue contained in Johnson's brief was not included in his 1925(b) statement.

_____

[2] Presumably, Johnson did not agree with the issues raised in the 1925(b) statement.

- 3 -

Upon my review of the certified record, it appears that both the initial and subsequent counsels' Pa.R.A.P. 1925(b) statements were untimely filed, rendering all issues contained therein waived. Thus, both counsel were ineffective for failing to properly preserve any issues for review. Pursuant to Pa.R.A.P. 1925(c)(3),

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Accordingly, I believe the proper course of action is to remand this matter to the trial court for filing of a 1925(b) statement, which shall bind Johnson to the issues raised therein. Presumably, this would include the issue addressed by the majority. Additionally, by remanding this matter, both the trial court and the Commonwealth will have the opportunity to address, for the first time, this issue, which has never been specifically raised before this appeal.

In light of the foregoing, I do not believe the issue addressed by the majority has been properly preserved. I would remand this matter to the trial court for conformity with the dictates of Pa.R.A.P. 1925(c)(3). Accordingly, I respectfully dissent.