J-S44009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SABREE BURKE | : | |
| | : | |
| Appellant | : | No. 2271 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 6, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007990-2019

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 14, 2026**

Sabree Burke appeals, *nunc pro tunc*, from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, following his convictions of one count each of possession with intent to distribute (PWID),[1] person not to possess a firearm,[2] and possession of a firearm with an altered serial number.[3] Burke's counsel, John F. McCaul, Esquire, has filed a motion to withdraw and an accompanying **Anders**[4] brief. After review, we affirm

_____

[1] 35 P.S. 780-113(a)(30).

[2] 18 Pa.C.S.A. § 6105.

[3] *Id.* at § 6110.2.

[4] **Anders v. California**, 386 U.S. 738 (1967). **See also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Burke's judgment of sentence and grant Attorney McCaul's motion to withdraw.

During an investigation of Burke for drug-trafficking in Mercer County, New Jersey, New Jersey law enforcement passed information to Montgomery County law enforcement concerning Burke's activity in Pennsylvania. The Montgomery County Detectives Bureau obtained a search warrant for a residence connected to Burke in Montgomery County. The search yielded 6,500 packets of heroin and a .40 caliber Ruger pistol with an obliterated serial number. *See* Order Denying Motion to Suppress, 9/10/21, at 2-6. Burke had a prior conviction that made him statutorily ineligible to possess a firearm.

On November 14, 2019, Burke was charged with the above-mentioned offenses, and on November 4, 2021, while represented by privately retained plea counsel, Michael Diamondstein, Esquire, Burke entered an open guilty plea to all counts. On May 6, 2022, the trial court imposed six to twelve years' incarceration for Burke's PWID charge and a consecutive term of four to eight years' incarceration for persons not to possess. On the charge of possession of a firearm with an altered serial number, Burke was sentenced to a concurrent term of five to 10 years' incarceration, resulting in an aggregate term of ten to 20 years' incarceration. *See* Trial Court Letter in Lieu of Rule 1925(a) Opinion, 10/10/25, at 1.[5]

_____

[5] Because a statement of intent to file an ***Anders***/***Santiago*** brief pursuant to Pa.R.A.P. 1925(c)(4) was filed in this instant appeal, the trial court did not file
*(Footnote Continued Next Page)*

Hereafter follows a long procedural history. Attorney Diamondstein did not file any post-sentence motions, but he did file a timely notice of appeal on Burke's behalf. However, Attorney Diamondstein sought permission to withdraw, and, by order dated July 21, 2022, this Court granted Attorney Diamondstein's motion to withdraw as counsel and directed the trial court to determine Burke's eligibility for court-appointed counsel within 60 days of the order. *See* Order, 7/21/22, at 1.

The trial court determined Burke was eligible for court-appointed counsel and appointed Burke appellate counsel, Paul S. Peters, III, Esquire. However, Attorney Peters failed to file a docketing statement, and this Court dismissed Burke's appeal. *See* Order, 12/5/22, at 1.

On November 30, 2023, Burke filed a *pro se* Post Conviction Relief Act (PCRA)[6] petition, alleging that Attorney Peters' and Attorney Diamondstein's collective ineffectiveness resulted in a complete denial of his appellate rights. *See* Trial Court Letter in Lieu of Rule 1925(a) Opinion, 10/10/25, at 2. The PCRA court appointed John Han, Esquire, as counsel. Attorney Han filed an amended PCRA petition. Following an evidentiary hearing on April 24, 2024, the PCRA court denied Burke's amended PCRA petition, finding that "(1) Burke did not request Attorney Diamondstein file a post-sentence motion; and (2)

_____

a Pa.R.A.P. 1925(a) opinion that discussed the claims raised in the *Anders* brief and, instead, submitted a letter in lieu of a Rule 1925(a) opinion that laid out the procedural history.

[6] 42 Pa.C.S.A. §§ 9541-9546.

Burke was not prejudiced by Attorney Peters' failure to file an appellate docketing statement as the sole issue he sought to appeal was the discretionary aspects of his sentence." **Id.** On May 24, 2024, Attorney Han appealed the denial of Burke's amended PCRA petition.

On March 21, 2025, this Court reversed the PCRA court, concluding that Attorney Peters' failure to file an appellate docketing statement was *per se* ineffectiveness of counsel amounting to a constructive denial of counsel in the context of an appeal. **See Commonwealth v. Burke**, 336 A.3d 998, *9 (Pa. Super. 2025) (Table). We also directed the trial court to reinstate Burke's right to file a direct appeal and conduct a hearing regarding Attorney Han's request to withdraw as counsel and to determine if the appointment of new counsel was warranted. **See id.**

On remand, after conducting a hearing on June 26, 2025, the trial court concluded that it was necessary to appoint new counsel. Accordingly, on the same day, the trial court appointed Attorney McCaul and directed him to file a *nunc pro tunc* appeal from Burke's judgment of sentence within 60 days of June 26, 2025.

On August 21, 2025, Attorney McCaul filed a *nunc pro tunc* appeal of Burke's May 6, 2022 judgment of sentence. The trial court issued an order on September 3, 2025, directing Attorney McCaul to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. However, Attorney McCaul filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders**/**Santiago** brief.

On October 20, 2025, Attorney McCaul filed an **Anders** brief and accompanying application to withdraw in this Court but made no indication that he provided those documents to Burke. On October 24, 2025, this Court directed Attorney McCaul to provide Burke a copy of the petition and **Anders** brief within 10 days of the order. Attorney McCaul timely complied by sending the documents to Burke on October 28, 2025. On March 3, 2026, Burke filed a *pro se* response to Attorney McCaul's Anders brief.[7] The trial court did not file a Rule 1925 opinion.

When counsel files an **Anders** brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Santiago**. **See Commonwealth v. Bennett**, 124 A.3d 327, 332 (Pa. Super. 2015). If counsel has complied with the dictates of **Anders** and **Santiago**, we will address the issues raised in the **Anders** brief and conduct our independent examination of the record as to those issues. **See Bennett**, **supra**. Finally, if we determine those issues to be without merit, we next examine the appellant's *pro se* claims. **See id.** As to appellant's *pro se* claims, "[this] Court is limited to examining only those

---

[7] Additionally, on October 8, 2025, Burke filed a *pro se* Rule 1925(b) statement. However, at that time, Burke was still represented by counsel. Generally, we consider a *pro se* filing by a then-counseled appellant to be a legal nullity, as hybrid representation, except in limited situations, is prohibited. **Commonwealth v. Leatherby**, 116 A.3d 73, 78 (Pa. Super. 2015). This rule extends to *pro se* Rule 1925(b) statements filed by counseled appellants. **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) ("[A]ppellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity."). Thus, this *pro se* motion is a nullity and has no legal effect.

issues raised and developed in the brief[; w]e do not act as, and are forbidden from acting as, appellant's counsel." *Id.*

Court-appointed counsel seeking to withdraw from representation on the basis that the appeal is frivolous must:

> (1) petition the court for leave to withdraw[,] stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal[;] and (3) furnish a copy of the brief to the defendant and advise the defendant of his [] right to retain new counsel or raise any additional points that he [] deems worthy of the court's attention.

*Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007). Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d 361.

Here, our review of Attorney McCaul's *Anders* brief and application to withdraw reveals that he has complied with each of the technical requirements of *Anders* and *Santiago*. Attorney McCaul states that he has made a conscientious examination of the record, determined that further pursuit of a direct appeal would be frivolous, and furnished a copy of the letter sent to Burke advising him of his right to proceed *pro se* or raise issues in response

to the brief.  **See Goodwin**, **supra**.  Additionally, Attorney McCaul complied with the requirements of **Santiago**.  Accordingly, we conclude that Attorney McCaul has substantially complied with the requirements for withdrawing from representation and proceed with an independent review of the issues raised in his **Anders** brief.

Attorney McCaul raises the following issues in his **Anders** brief:  "[1]. Did the [trial c]ourt lack jurisdiction to hear this case?  2.  Did the [trial c]ourt err in finding [Burke]'s plea was knowing, voluntary[,] and intelligent?  [3]. Did the [trial c]ourt impose an illegal sentence?"  **Anders** Brief, at 5 (reordered for ease of review).[8]

Attorney McCaul raises all three issues permitted on appeal following a guilty plea.  **See Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa. Super. 2012) (stating when defendant enters guilty plea, he waives all defects and defenses except those concerning validity of plea, jurisdiction of trial court, and legality of sentence imposed).  First, Attorney McCaul raises the issue of jurisdiction.

> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented.  **McGinley v. Scott**, [] 164 A.2d 424 (Pa. 1960).  Jurisdiction is a matter of substantive law.  **Id.** at 428; 42 Pa.C.S.[A.] § 931(a) (defining [] unlimited original jurisdiction of [] courts of common pleas).  . . . Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution.  **See** 18 Pa.C.S.[A.] § 102.  Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.  Pa. Const. Art. 5, § 5

_____

[8] The Commonwealth did not file an appellee's brief in this matter.

(establishing [] jurisdiction of [] courts of common pleas within [] unified judicial system).

***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003).

Here, Burke was charged with violations pursuant to the Pennsylvania Crimes Code. As specified by the criminal information, these crimes were committed in Montgomery County. ***See*** Criminal Complaint, 11/14/19; ***see also*** Bill of Information, 3/1/21. The location of the crimes was further confirmed by Burke at the guilty plea hearing:

> [COMMONWEALTH:] . . . Do you admit that you did, in fact, possess the heroin that was in the apartment, 930 Meadowbrook Drive, that was in Huntingdon Valley, Montgomery County on November 14th, 2019? Do you admit that?
>
> [BURKE:] Yes.
>
> * * *
>
> [COMMONWEALTH:] The firearm that was located in 930 Meadowbrook Drive – you were asked about that – but do you admit specifically it was a .40 caliber Ruger pistol and it was loaded, correct?
>
> [BURKE:] Yes.

N.T. Guilty Plea, 11/4/21, at 26-27. Clearly, under the rationale of ***Bethea***, the Montgomery County Court of Common Pleas possessed jurisdiction to hear Burke's case, accept his guilty plea, and impose sentence.[9] Therefore, Burke's first issue is meritless.

_____

[9] Burke waived any challenge to venue in this case by pleading guilty in Montgomery County. ***See Stradley***, ***supra***. Nonetheless, even if Burke could raise this issue, venue was proper here as the crimes occurred in the county in which Burke pled. ***See Bethea***, 828 A.2d at 1075 ("Rules of venue recognize the propriety of imposing geographic limitations on the exercise of
*(Footnote Continued Next Page)*

Next, Attorney McCaul raises a challenge to the voluntariness of Burke's guilty plea. *See Anders* Brief, at 16-20. Attorney McCaul notes that Burke failed to object to the voluntariness of his guilty plea during the plea colloquy nor did he file a motion to withdraw the plea within ten days of sentencing and, thus, waived this issue. *Id.* at 16. However, in the alternative, Attorney McCaul also concludes that the extensive colloquy by plea counsel, the trial court, and the Commonwealth, as well as Burke's answers to the questions, clearly demonstrate the plea was knowing, voluntary, and intelligent, and any argument to the contrary is frivolous. *Id.* at 20. We agree.

A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or at sentencing or file a motion to withdraw the plea within ten days of sentencing. Failure to do any of these results in waiver. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted); *see* Pa.R.Crim.P. 720(A)(1) and (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may

---

jurisdiction."); *see also Commonwealth v. Mulholland*, 702 A.2d 1027 (Pa. 1997) (venue in criminal action properly belongs in place where crime occurred).

have been committed." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017).

Upon review of the record, we observe that Burke did not preserve this issue for appeal. Burke did not seek to withdraw his guilty plea at any time, either on the record or by filing a timely post-sentence motion.[10] Consequently, Burke's issue is waived. Because it is waived, Burke's challenge to the validity of his guilty plea is frivolous under ***Anders***. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 888-89 (Pa. Super. 2016), citing ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Nonetheless, even if Burke's issue was not waived, we still would conclude that it is frivolous. Notably, a motion to withdraw submitted after sentencing is "subject to higher scrutiny [than a motion to withdraw a guilty plea prior to sentencing] . . . to discourage entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa. Super. 2017) (citation omitted). A defendant must demonstrate a "manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." ***Id.*** (emphasis omitted).

_____

[10] In his PCRA appeal, Burke argued that plea counsel was ineffective for failing to comply with his request to file a post-sentence motion for reconsideration of his sentence. ***See Burke***, 336 A.3d at *6. However, the PCRA court specifically credited counsel's testimony that Burke did not direct him to file a post-sentence motion, and this Court, relying on the PCRA court's credibility determination, concluded that Burke's claim was meritless. ***Id.*** at *6-7.

A guilty plea must be entered knowingly, voluntarily, and intelligently to be valid under the manifest injustice standard. **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017); **see also** Pa.R.Crim.P. 590(A)(1) cmt (minimum information required to be elicited from defendant by trial court during plea colloquy). "In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea." **Commonwealth v. Fluharty**, 632 A.2d 312, 314 (Pa. Super. 1993); **see also Commonwealth v. Muhammad**, 794 A.2d 378 (Pa. Super. 2002). Furthermore,

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements made when he pled.

**Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999) (citations, brackets, and internal quotation marks omitted).

Here, a thorough colloquy was made on the record. Attorney Diamondstein went over the guilty plea colloquy form with Burke, which Burke initialed and acknowledged that he understood. **See** N.T. Guilty Plea, 11/4/21, at 6-12. Furthermore, Attorney Diamondstein confirmed that Burke

- 11 -

understood the facts of his case, the consequences of pleading guilty, and his rights. *Id.* at 12-21. The Commonwealth then conducted its own colloquy, which included discussion of the maximum penalties for the crimes to which Burke was pleading guilty and the fact that his final sentence would be up to the trial court. *Id.* at 22-27. The trial court discussed the rules and regulations of the State parole department and how those rules would affect Burke. *Id.* at 27-29. The court accepted the plea. *Id.* at 29. Considering the totality of the circumstances, the record reflects Burke voluntarily, knowingly, and intelligently tendered his guilty plea, and this issue is without merit.

The last issue raised in the *Anders* brief concerns the legality of Burke's sentence. In raising this issue, Attorney McCaul points to the three categories of "illegal sentences," which are "'(1) claims that the sentence fell 'outside the legal parameters prescribed by the applicable statute'; (2) claims involving merger[]; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, [] (2000)." *Anders* Brief, at 14, quoting *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa. Super. 2013). Attorney McCaul found none of these categories applied to Burke's sentencing and concluded that this claim was frivolous.

An illegal sentence is one that exceeds statutory limits, or where the court is without jurisdiction or statutory authority to impose a given sentence. *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa. Super. 1998). "The determination as to whether a trial court imposed an illegal sentence is a

question of law[.]" ***Commonwealth v. Clary***, 226 A.3d 571, 581 (Pa. Super. 2020) (citation omitted). For questions of law, "our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Stevenson***, 318 A.3d 1264, 1270 (Pa. 2024).

Based on our review, we conclude Burke's challenge to the legality of his sentence is frivolous. The statutory maximum for PWID is 15 years' incarceration. ***See*** 35 P.S. § 780-113(f)(1) (providing authority, and statutory limits, for PWID convictions for heroin/fentanyl). Here, Burke was sentenced to six to 12 years' incarceration and, thus, his sentence falls below the statutory maximum and is not illegal. The same is true for Burke's firearm sentences, for which each of his sentences fell within the 10-year statutory maximum. ***See*** 18 Pa.C.S.A. § 6105(a.1) (violation is felony of second degree); ***id.*** at § 6110.2(b) (violation is felony of second degree); ***see also id.*** at § 1103 (felony of second degree carries maximum of ten years' incarceration). Individually, each of Burke's sentences were within the statutory limits and the judge was within his discretion to impose consecutive and concurrent sentences. ***See*** 42 Pa.C.S.A. § 9721(a) (judicial discretion in sentencing defendant concurrently or consecutively).

Furthermore, ***Apprendi*** and the related case, ***Alleyne v. United States***, 570 U.S. 99 (2013), "the Supreme Court determined that certain sentencing factors were considered elements of the underlying crime, and thus, to comply with the dictates of the Sixth Amendment, must be submitted to the jury and proven beyond a reasonable doubt instead of being determined

- 13 -

by the sentencing judge." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n. 10 (Pa. Super. 2014) (en banc). More specifically, ***Apprendi*** and ***Alleyne*** direct that any fact, other than the fact of a prior conviction, that increases the prescribed range of penalties for a crime must be submitted to a jury and proved beyond a reasonable doubt. ***See also Alleyne***, 570 U.S. at 111 n.1 (acknowledging precedent recognized "a narrow exception to this general rule for the fact of a prior conviction"); ***see Commonwealth v. Aponte***, 855 A.2d 800, 802 (Pa. 2004) (holding constitutionally valid sentencing enhancement that increased statutory maximum penalty "upon proof of a prior conviction for a similar offense, without requiring proof beyond a reasonable doubt before a jury").

Here, ***Apprendi*** is not implicated, as Burke's sentences do not implicate any fact, other than Burke's prior conviction, that increased the prescribed range of penalties for Burke's crimes and Burke's sentence fell within statutory limits. ***See Commonwealth v. Gordon***, 942 A.2d 174, 182 (Pa. 2007) (citations omitted) (Because of Pennsylvania's "indeterminate, advisory, and guided" sentencing scheme, "a sentence imposed for a given conviction does not implicate ***Apprendi*** concerns unless that sentence exceeds the applicable statutory maximum."). Nevertheless, at his guilty plea hearing, Burke admitted that he possessed the 6,500 heroin packets, the firearm with the obliterated serial number, and that he was a person not to possess. ***See*** N.T. Guilty Plea, 11/4/21, at 11, 16-17, 26-27. Thus, Burke's claim that the trial

court violated **Apprendi**/**Alleyne** is frivolous where the record reveals Burke admitted to every element of the offenses.

Finally, Burke's firearm charges—persons not to possess a firearm and possession of a firearm with altered manufacturer's number—do not merge for the purpose of sentencing. A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. **See Commonwealth v. Williams**, 920 A.2d 887, 888-89 (Pa. Super. 2007). Accordingly, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014). Merger of offenses is appropriate where: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." **Commonwealth v. Crissman**, 195 A.3d 588, 591 (Pa. Super. 2018); **see also** 42 Pa.C.S.A. § 9765.

Relevantly, persons not to possess a firearm provides, in part, that "a person who has been convicted of an [enumerated offense] . . . shall not possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S.A. § 6105(a)(1). The offense of possession of a firearm with altered manufacturer's number provides as follows: "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated." **Id.** at § 6110.2. While both sections require the Commonwealth to prove that defendant was in possession of a firearm, both offenses require an element

not required by the other and, thus, the sentences do not merge for the purposes of sentencing. *See generally Williams*, *supra* at 891 (explaining crimes of persons not to possess firearm and firearms not to be carried without license are two separate offenses and do not merge for sentencing).

We now turn to the issues raised in Burke's *pro se* response:

[1]. Whether pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 405 ([Pa.] 2021)[,] where the Pennsylvania Supreme Court held that[:] "we reject the current Rule 907 procedure by which a petitioner may raise claims of ineffective assistance of PCRA counsel as unworkable, and offer a modified and flexible approach allowing a petitioner to raise claims of ineffective PCRA counsel [] at the first opportunity, even if on appeal?["]

[2]. Whether trial counsel was ineffective where [Burke] was coerced into taking an open guilty plea where the evidence of the Commonwealth and Montgomery County Detective Bureau and Abington Police Department was based upon an affidavit that was insufficient to establish probable cause, thereby making the search warrant and the fruits of the search void?

[3]. Whether the [trial c]ourt abused its discretion where [Burke]'s conviction was secured by the use of an uncorroborated confidential informant ([] "C.I") whereas in this matter, there was no vetting of this C.I. by Montgomery County Detective Bureau and Abington Police Department developing the prosecution of [Burke].

[4]. Whether trial counsel was ineffective for failing to address the fact that the Officers/Detectives from Mercer County, (Trenton) New Jersey as well as Montgomery County Detective Bureau and Abington Police Department have been involved in vindictive prosecution [whereas] in this matter, the C.I. was a material witness to the alleged drug sale, and there was only his testimony to secure the arrest and conviction of [Burke]?

*Pro Se* Response to **Anders** Brief, 3/3/26, at 1-2.

Burke's entire *pro se* response is slightly over two pages in length. He does not advance any additional argument, nor does he cite to relevant legal

authority or to the record. *See id.* Accordingly, we conclude that Burke has waived these claims. *See Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (stating that this Court will not review wholly inadequate brief that fails to comply with guidelines set forth in Pa.R.A.P. 2111(a)); *see also Commonwealth v. K. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (holding that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citations omitted); *see also* Pa.R.A.P. 2119(a)-(c) (argument section shall include "such discussion and citation of authorities as are deemed pertinent.").

In light of the foregoing, we agree with Attorney McCaul's assessment that the issues raised here are frivolous and conclude that the issues raised in Burke's *pro se* response are waived. Accordingly, we grant Attorney McCaul's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2026